# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4788 | **DATE** | 11/9/2000 |
| **CASE TITLE** | Robert D. Helms vs. Local 705 International Brotherhood of Teamsters Pension Plan, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for class certification for Class I and Subclass I (Doc. No. 155-1) is granted. Class I consists of 22 members; Subclass I consists of six members.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | number of notices | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | NOV 1 3 2000 | | 184 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 00 NOV -9 PM 5:33 | | | |
| ETV | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROBERT D. HELMS, and on behalf )
of himself and all other similarly )
situated, )
            )
        Plaintiffs, )
            )
v. )     No. 97 C 4788
            )
LOCAL 705 INTERNATIONAL )     Judge Rebecca R. Pallmeyer
BROTHERHOOD OF TEAMSTERS )
PENSION PLAN, et al. )
            )
        Defendants. )

DOCKETED

NOV 1 3 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert D. Helms ("Helms") filed this action against Defendant Local 705 International Brotherhood of Teamsters Pension Plan ("Defendant Local 705 Plan") to clarify his rights under the terms of the Plan and recover early retirement pension benefits. Plaintiff originally moved for certification of two classes and one subclass on January 21, 1998. On April 16, 1998, Judge Lindberg certified Class II and conditionally certified Class I and Subclass I, contingent on a showing that the class members had earned "Reciprocal Benefit Service Credit" as defined by the Plan terms. On August 28, 1998, certain pension funds ("Rule 19 Funds" or "Rule 19 Parties") were joined as nonaligned parties to Counts I and Count II, in which Plaintiffs sought a declaration of their rights under the Local 705 Plan and an injunction against violations of ERISA. (Doc. No. 93.) Shortly thereafter, this case was reassigned to this court, which granted summary judgment for the Plaintiff. Now before the court is Plaintiff's renewed motion to certify Class I and Subclass I. For the reasons set forth

184

below, Plaintiff's motion for class certification is granted.

## FACTUAL BACKGROUND

The facts of this case have been set out in detail in *Helms v. Local 705 Int'l Brotherhood of Teamsters Pension Plan,* No. 97 C 4788, 1999 WL 965230, at *1-5 (Sept. 30, 1999)("*Helms II*"), and will, therefore, not be reiterated here except for a brief summary. Plaintiff Helms brought this action against Defendant Local 705 Plan alleging that provisions of the Local 705 Plan violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). Plaintiff asked that the court clarify his rights under the terms of the Plan, allow him to recover early retirement benefits, enforce the provisions of ERISA, and order other appropriate equitable relief to redress such violations. (Plaintiff's Motion for Class I and Subclass I Certification (hereinafter "Pl.'s Motion"), at 1.)

On January 21, 1998, Helms moved for certification of two classes and one subclass. Class I was then and is today defined as: "All qualified participants in the Plan who qualify for a Deferred Vested Pension under the Plan, who terminated Covered Employment before their 57th birthday, and who also have earned Reciprocal Benefit Service Credit within the meaning of Article 12 of the Plan." (Pl.'s Motion ¶ 6.) Subclass I is defined as: "All members of Class I who also worked for less than twenty two weeks in their last year of Covered Employment." (*Id.*) Class II is defined as: "All qualified participants in the Plan who qualify for a Deferred Vested Pension under the Plan, who terminated Covered Employment before their 57th birthday, and who also worked less than twenty-two (22) weeks in their last year of Covered Employment." *Helms v. Local 705 Int'l Brotherhood of Teamsters Pension Plan,*

No. 97 C 4788, 1998 WL 182513, *1 (N.D. Ill. Apr. 16, 1998)("*Helms I*").

Judge Lindberg entered an order certifying Class II and conditionally certifying Class I and Subclass I, contingent on a showing that the class members earned reciprocal fund credits. (*Id. at* *3.) In his opinion, Judge Lindberg determined that there were questions of law or fact common to the class, namely, "whether ERISA permits defendant pension plans to exclude reciprocal service credits and partial year credit during the last year of covered employment from the calculation of early retirement pension benefits." (*Id.* at *1.) He also determined that Plaintiff's claim was typical of those of the class, because, "[i]f ERISA requires that Reciprocal Benefit Service Credits must be credited towards the calculation of a Deferred Vested Pension," then either "(1) a participant who is ineligible to receive a Deferred Vested Pension because he lacks ten years of Benefit Service Credit might become eligible to receive that pension through the addition of his accrued Reciprocal Benefit Service Credit, or (2) a participant who is eligible for a Deferred Vested Pension might receive a larger pension based on the addition of his accrued Reciprocal Benefit Service Credits." (*Id.* at *2.) He further determined, based in part on his own observations, that plaintiff's counsel would adequately represent the interests of the class members. (*Id.*) Finally, Judge Lindberg found that the numerosity requirement would be met if each of the potential class members could show that they earned Reciprocal Benefit Service Credit. (*Id.*)

After finding that the requirements for Rule 23(a) were met, Judge Lindberg determined that the class could be certified under either Rule 23(b)(1) or 23(b)(2) because there was both "a very real possibility in this case that separate actions could result in

3

disparate rulings and consequently, that the defendant pension plans may be held to incompatible standards of conduct vis-a-vis their participants" and because "the Local 705 Plan has applied its plan terms uniformly to all of the plan participants. . . ." (*Id.*)

Shortly after this decision, the Rule 19 Parties were joined in this action as non-aligned parties so that Plaintiff might obtain "complete relief for his claims against the Local 705 plan." (Doc. No. 93.) In his oral ruling, Judge Lindberg cautioned that "[w]hile the plaintiffs may be entitled to receive benefits from one or more of the Rule 19 funds if Helms prevails on his claims against the Local 705 plan, this does not imply that Helms has standing to pursue independent claims against the Rule 19 funds." (Memorandum of Certain Rule 19 Parties In Opposition to Plaintiff's Motion for Class Certification (hereinafter "Rule 19 Parties' Memo"), Ex. B, Transcript of Proceedings August 27, 1998 (hereinafter "Ex. B"), at 42.) Instead, he directed, "If the Rule 19 funds are vulnerable to claims similar to those brought against the Local 705 plan, these claims must be presented by someone who has standing to sue, who has exhausted his or her administrative remedies and, if the claims are to proceed as a class action, who has satisfied the requirements of Federal Rule of Civil Procedure 23." Helms was certified to represent "two classes of plaintiffs consisting solely of . . . qualified participants in the Local 705 plan." (*Id.*)

After the Rule 19 Parties were joined to this action, this court granted summary judgment for Plaintiff on September 30, 1999, finding that the reciprocal pension provisions of the Local 705 plan qualified as accrued benefits under ERISA and, as such, were subject to the provisions of ERISA. *Helms II*, 1999 WL 965230 at *20. The court further found that

4

the current plan violated certain provisions of ERISA, including ERISA's prohibition against "backloading" and ERISA's requirement that a deferred vested pension be the actuarial equivalent of the amount recovered under a normal pension. (*Id.*)

On May 10, 2000 Plaintiff moved again to certify Class I and Subclass I.

## DISCUSSION

As noted earlier, more than two years ago Judge Lindberg entered an order conditionally certifying both Class I and Subclass I, *Helms I*, 1998 WL 182513 at *3. Since that time, this court granted summary judgment for the Plaintiff, *Helms II*, 1999 WL 965230. Thus, the issue before the court on this motion is really that of deciding which of the forty one putative class members are entitled to relief. Defendant and the Rule 19 Parties raise a number of objections to class certification at this time. The court will address these objections before turning to the question of who qualifies as a member of the class.

### A.    Timeliness of the Class Certification

Defendant Local 705 Plan first argues that class certification is barred because a judgment has already been granted on the merits in this action. To support this argument, Defendant directs the court to Federal Rule of Civil Procedure 23(c), which states in relevant part:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

FED. R. CIV. P. 23(c)(1). Class certification is improper at this stage, Defendant argues,

because the court's summary judgment ruling constitutes a "decision on the merits."

Neither side has cited any recent case law addressing this situation. Defendant does, however, cite to *Jiminez v. Weinberger*, 523 F.2d 689, 697-700 (7th Cir. 1975) and the dissent in *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194 (7th Cir. 1971), to support its argument that class certification should be denied here as untimely. These decisions, however, are readily distinguishable. *Jiminez* was an action to review the Secretary of Health, Education and Welfare's denial of disability benefits to illegitimate children of disabled individuals. The complaint alleged that the action should proceed as a class action, but plaintiff failed to move for class certification until after a decision on the merits. *Jiminez*, 523 F.2d at 693. Even under these circumstances, the Seventh Circuit affirmed the district court's certification of the class together with a decision on the merits, finding this procedure permissible in classes proceeding under Rule 23(b)(1) or (b)(2), where notice to class members is not always necessary. *Id.* at 697-98. As the Seventh Circuit explained, "mere delay in making a class certification, even though contrary to the mandate to act as soon as practicable, does not deprive the district court of the power to enter an otherwise proper order." *Id.* at 699.

Similarly, in *Sprogis*, the Seventh Circuit concluded that a district court has the authority to certify a class in a Title VII case even after issuing a decision in favor of plaintiff on the merits. Then-Circuit Judge John Paul Stevens (who authored the opinion in *Jiminez*) dissented in *Sprogis*, cautioning against certifying the class after a decision on the merits and on remand the lower court later denied certification; its reasons for doing so are not applicable here, however. *Sprogis*, 444 F.2d at 1207; *see also Sprogis v. United Air Lines, Inc.*,

56 F.R.D. 420, 422 (N.D. Ill. 1972). As Justice Stevens explained, after considering Rule 23(c):

> At a minimum, this rule requires the class to be *defined* before the merits of the case have been decided. This requirement is . . . of special importance in litigation involving claims for damages or back pay. A procedure which permits a claim to be treated as a class action if plaintiff wins, but merely as an individual claim if plaintiff loses, is strikingly unfair.

*Sprogis*, 444 F.2d at 1207 (emphasis added).

Unlike the plaintiffs in *Jiminez* who did not move to certify the class until after a decision on the merits, Plaintiff Helms moved to certify two classes and one subclass long before a decision on the merits. *See, Helms I*, 1998 WL 182513, at *1. The court granted Plaintiff's motion with respect to Class II and conditionally granted certification of Class I and a Subclass. Rule 23(c) expressly recognizes that "an order under this subdivision may be conditional." Helms did everything he could do to meet the requirement of having the class action certified or conditionally certified "as soon as practicable." FED. R. CIV. P. 23(c)(1). Further, unlike the situation that Justice Stevens cautioned against, where class members might not be identified until after the court ruled in favor of plaintiff, here each potential class member was clearly identified by name to the court as early as January 1998. *See* Doc. No. 22, 23, & 24 (defining the class and identifying potential members). A decision in favor of Defendant on the motion for summary judgment would unquestionably have bound these class members; Defendant does not argue otherwise. Significantly, this action seeks equitable relief, a determination of whether Defendant Local 705 Plan's pension fund violated ERISA. Though it may be that the better course of action would have been to determine which class members fit the class *before* summary judgment was granted, the court's failure to identify

these members out of the conditionally certified class is not the procedural mishap Rule 23(c) warns against. The court, therefore, overrules this objection and concludes that the class members of the conditionally certified class may be identified even now, after entry of the summary judgment ruling.

### B.    Rule 19 Parties' Objections to Class Certification

The Rule 19 Parties argue at length that a class action cannot be maintained with respect to them because the putative class fails to meet the requirements of numerosity, commonality and typicality and, further, that Plaintiff Helms does not have standing to bring his claims against them. *See* Rule 19 Parties' Memo, at 10. They also argue that this action is for monetary damages as opposed to equitable relief and, therefore, does not meet the requirements of Rule 23(b)(1) or 23(b)(2). *Id.* at 12.

The court cannot agree. Judge Lindberg joined the Rule 19 Parties four months after certifying Class II and conditionally certifying Class I and Subclass I "so that plaintiff [could] obtain complete relief for his claims against the local 705 plan." *Id.* at Ex. B, at 42. Though Judge Lindberg found that "Helms does not have standing to pursue *independent* claims against the Rule 19 funds," the court did find that the Rule 19 Parties should be joined in Counts I and Counts II. *Id.* at 43. Because the court joined these parties after certifying Class II and conditionally certifying Class I and Subclass I, it clearly meant for the Rule 19 Parties to be joined in this class action.

In addition, the Rule 19 Parties are not Defendants in this case; they are non-aligned parties and, therefore, the class need not meet requirements of numerosity, commonality,

typicality and adequacy of representation with respect to the Rule 19 Parties. They cannot, then, defeat class certification as if they were defendants in this matter. Judge Lindberg observed that claims against the Rule 19 Parties that are "similar to those brought against the Local 705 plan . . . must be presented by someone who has standing to sue [those parties]." *Id.* at 42. But this language should not be taken to mean that Helms cannot maintain a class action against the Local 705 Plan. The Rule 19 Parties were joined to insure that Rule 19 Parties were joined to insure that the court could afford relief against any violations of ERISA by the Local 705 Plan. Plaintiffs have no independent claim against them, however, and they cannot now defeat class certification.

## C.     Class Certification

The standards for class certification are familiar. Federal Rule of Civil Procedure 23 provides that a plaintiff may bring his claim on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the plaintiff are typical of the claims or defenses of the class; and (4) the plaintiff will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Additionally, the court must find that (1) the prosecution of separate actions by individual class members would create inconsistent adjudications or impair the ability of other members to protect their interests, (2) the opposing party has acted or refused to act on grounds generally applicable to the class, or (3) common questions of law or fact predominate. FED.R.CIV.P.23(b); *Williams*, 204 F.3d at 760. This court has broad discretion

concerning class certification. *Rosario v. Cook County*, 101 F.R.D. 559, 660 (N.D. Ill. 1983)(citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980)).

Defendant Local 705 Plan and the Rule 19 Parties argue that the putative class no longer meets the requirements of 23(a), mainly because the class does not meet the numerosity requirement. Judge Lindberg conditionally resolved this issue in favor of Plaintiffs and this court adheres to that determination absent a compelling reason to revisit it. Defendant urges this court to conclude that the numerosity requirement is no longer satisfied and that Plaintiff Helms is no longer able to adequately protect the interests of the class because he "lost" on several points of his complaint. The court addresses each of these arguments in turn.

### 1. Numerosity

A proposed class must be so numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1). To determine that numerosity exists, the court must look at the individual circumstances of a case and can make common-sense assumptions that support such a finding. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996); *Patrykus v. Gomillas*, 121 F.R.D. 357, 360-361 (N.D. Ill. 1988). Number alone is not dispositive of this issue; a relatively small group may form a class if other considerations make joinder impracticable. *Patrykus*, 121 F.R.D. at 360. In addition to the size of the class, the court may consider such factors as: the geographic dispersion of its members; the nature of the relief sought; the ability of the individuals to press their own claims; and the practicality of forcing relitigation of a common core issue. *Doe v. Guardian Life Insurance Co.*, 145 F.R.D. 466, 471 (N.D. Ill.

1992); *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

According to Plaintiff, there are 34 putative members of the class, while the Rule 19 Parties argue that there are only 24 members and Defendant Local 705 Plan insists that there are only 14 members. As will be discussed further below, *supra Section D*, the court concludes that there are 22 members of the class.

Courts have found that numerosity exists with similarly small or smaller classes. *See, e.g. Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56-7 (N.D. Ill. 1996)(certifying class of eighteen ERISA claimants because class was geographically dispersed between Illinois, New Jersey and Tennessee, and, additionally, judicial economy is served); *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983)(certifying class of 20 claiming discrimination in defendant's promotion procedures because the decision would necessarily affect the interests of future applicants for sergeant whose joinder was inherently impracticable); *Allen v. Isaac*, 99 F.R.D. 45, 49 (N.D. Ill. 1983)(certifying class of 17 black bank examiners claiming discrimination in promotion procedures because of geographical dispersion in 7 cities); *Dale Electronics, Inc. v. R.C.L. Electronics,* Inc., 53 F.R.D. 531, 534 (D.N.H. 1971)(certifying class of 13 defendants whose geographical location made joinder impracticable).

In *Gaspar*, the plaintiff brought suit to recover certain retirement benefits. *Gaspar*, 167 F.R.D. at 55. The court found that where the damages for the eighteen proposed class members "flow from the resolution of a single question: whether defendants violated ERISA," judicial economy would be served by deciding the issue in one case. *Id.* at 56-7. Additionally, the court found the fact that the potential class members were geographically

dispersed between Illinois, New Jersey, and Tennessee weighed against the practicability of joinder and in favor of class action. *Id.* at 57.

In Helms's case, the putative class members come from four different states and seek a declaration that the Local 705 Pension Plan violates ERISA. As with *Gaspar,* where the damages came directly from the resolution of whether defendants violated ERISA, judicial economy is served here by allowing the court to give relief to all affected members at once. The court therefore finds that 22 members, under the circumstances, are enough to satisfy the numerosity requirement.

## 2. Commonality, Typicality and Adequacy of Representation

Judge Lindberg previously found: that there were questions of law or fact common to the class; that the claims or defenses of Plaintiff Helms were typical of the claims or defenses of the class; and, finally, that Plaintiff Helms would fairly and adequately protect the interests of the class. *Helms I*, 1998 WL 182513, *2-3. Defendant argues, however, that "Plaintiff Helms at this point is not an adequate class representative under Rule 23(a)(4) because his failure to prevail on three of his claims with respect to reciprocal pensions places him in a conflict with other class members." Defendant Local 705 Pension Plan's Memorandum in Opposition To Plaintiff's Motion for Class I and Subclass I Certification (hereinafter "Def.'s Opposition Memo"), at 6. Specifically, Defendant points out that in granting summary judgment for the Plaintiff, the court still ruled in Defendant's favor on Plaintiff's claim that the Local 705 Pension Plan violated ERISA's age participation requirement, his claim that the Local 705 Pension Plan violated ERISA's "anti-cutback" rule;

and his claim that the Plan engaged in discriminatory application of reciprocal pension benefits. *Id.* at 3.

The court finds this argument unpersuasive.[1] Plaintiff brought this action on behalf of others similarly situated in order to clarify his rights under the terms of Defendant's Plan and to recover early retirement pension benefits. The court found that the Plan did not violate ERISA in every manner that Plaintiff alleged, but that does not mean that Plaintiff can no longer adequately represent this class or that there are no longer common issues that the class shares. Indeed, class certification results in binding all class members to the court's adverse rulings as well as favorable ones. And, if the Court of Appeals reviews and reverses this court's rulings, the court predicts that Defendant will understand such a ruling as a defeat for all class members.

Because this court granted summary judgment for Plaintiff on his central claims, he will be able to adequately represent the class in clarifying their rights under the Plan and recovering early retirement benefits. Plaintiff has therefore met the requirements of Rule 23(a)(2), (3) and (4).

### 3. Rule 23(b)

As noted earlier, Judge Lindberg found that certification for Class I and Subclass I was

---

[1]     As Plaintiff does, the court questions why Defendant and the Rule 19 Parties are arguing against certification if Plaintiff Helms really "lost" certain aspects of his claim. One would expect Defendant and the Rule 19 Parties to embrace class certification with respect to issues on which they have prevailed. The obvious answer is that Plaintiff did not lose; though Plaintiff did not prevail on all issues, the court did conclude that Defendant Plan violates ERISA and that Plaintiffs are entitled to relief.

proper under either Rule 23(b)(1) or 23(b)(2), because individual actions would create a genuine possibility of inconsistent rulings. *Helms I*, 1998 WL 182513, at *3. Further, he noted that the Plan applies its terms uniformly to all of Plan participants. *Id.* Because the motion for summary judgment did not change either of these findings, the court adheres to the earlier ruling that the class can proceed under either rule 23(b)(1) or 23(b)(2) and that notice to class members is not necessary.

### D.    Members of the Class

In determining who is entitled to be part of the classes conditionally certified by Judge Lindberg, the court begins by noting the areas of agreement between the parties. Plaintiff originally estimated the number of Class I members as 41 and the number of Sub-Class members as 13. Plaintiff's Motion For Class I and Subclass I Certification ¶ 7. After considering both Defendant's and the Rule 19 Parties' objections to certain members, however, Plaintiff reduced the count to 34 individuals in the putative Class I, and ten individuals in the putative sub-Class I. Plaintiff's Reply in Support of His Motion for Class I Certification (hereinafter "Pl.'s Reply") at 6-7. Plaintiff therefore agreed with Defendant that the following individuals should not be part of either class: Willie Emory, Leo Klyczek, David R. Schlup, Robert Wilson, Frank Wing, Richard Sernek and Robert Lewter. Defendant and the Rule 19 Parties, in turn, have raised no objection to the following fourteen members of the class:[2] William Bukema, Joseph Bolger, James Downey, Thomas Hasibar,

---

[2]        Of course, the court recognizes that the Defendant and Rule 19 Parties have
(continued...)

Leslie Izzi, George Lozano, Morris McAllister, Thomas Morrison, Anthony Pettiti, Luke Piccolo, Jerry Seabolt, Stanley Wright, Raymond Zabrnsky and Plaintiff Robert Helms.[3] *See generally* Def.'s Opposition Memo; Rule 19 Parties Memo. This leaves twenty members who are objected to by Defendant Local Rule 705 and ten members to whom the Rule 19 Parties object. The court will address these objections in turn.[4]

1.    **Standing**

Defendant Local 705 Plan objects to six putative Class I members (Charles Cali, Philip Eorio, Samuel Jacobius, Gerald Kruse, Maynard Slicker, and William Yeo) on the basis that they lack standing. According to Defendant, the pension benefits that these six now receive for their Deferred Vested Pensions are identical to the partial pensions they would receive

---

[2](...continued)
objected to any class, including these 14 members, being certified at all. By making this list the court does not mean to suggest otherwise. This list merely represents those individuals who all parties agree would fit the description of the class if the class were, in fact, certified.

[3]    Two of these non-disputed members, Anthony Pettiti and Raymond Zabrnsky would also be members of Subclass I.

[4]    Plaintiff Helms initially argues that all of the objections to the class are irrelevant, because, for purposes of class certification, the court is to assume all facts pleaded in the complaint and all allegations in the motion for class certification are true. Plaintiff's Reply in Support of His Motion for Class I Certification, at 8, citing *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177 (1973); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 305 (N.D. Ill. 1995.) This argument ignores the fact that the class has already been conditionally certified, so that the court is, in effect, being called on to determine which previously identified members will make up the class. Indeed, after considering Defendant's and the Rule 19 Parties' objections to the class, Plaintiff acknowledged that certain members identified in his motion for class certification should not be considered as part of the class, and removed those members from consideration for certification. Similarly, the court seeks to determine who should be part of the group which will be entitled to relief in this action based on all of the information now available to the court.

under the Local 705 Pension Plan for a Reciprocal Deferred Vested Pension. *See* Donohue Decl. ¶¶ 10-17. Defendant therefore argues that there is no case or controversy with the Local 705 Plan and so these members do not have standing to sue in this class action.

This argument misconstrues the nature of this action. As Plaintiff correctly notes, "this case is premised upon the [L]ocal 705 Plan's interpretation and implementation of the Reciprocal Agreement in a way which violates ERISA." Pl.'s Reply, at 12. By this interpretation, Defendant "precluded Class I members from being eligible for a Reciprocal Pension. from one of the Rule 19 non-aligned parties, and, thus, from receiving the maximum pension for which they are eligible." *Id.* These members, therefore, clearly have an injury which is redressible by this action, that is, they may be eligible for a Reciprocal Pension. These individuals are therefore properly maintained as Class I members on the basis of this objection.[5]

### 2. Members Who Did Not Reach a Certain Age Before Retiring

Three class members, Elden Carlson, Edwin James, and Donald Kamin, are objected to based upon the requirements of the Local 710 Plan and CTDU Plan, that a person reach

---

[5]     In addition to these objections, Charles Cali was objected to because he participated in the CTDU plan for more than one year but less than two years. As will be discussed in greater detail below, he will be excluded from the class for this reason.
    One other member in this category, Philip Eorio, was objected to for reasons other than standing. This objection, however, was articulated only in an affidavit submitted by Jeffrey Hoff, from the Building Material Fund, and was not raised by either Defendant or the Rule 19 Parties in their respective memoranda in opposition to class certification. For this reason, the court will deem the arguments raised in the affidavits as waived and will include Mr. Eorio as a member of the class.

a certain minimum age before he or she is eligible for retirement. According to the Rule 19 Parties, Elden Carlson was "not vested" because a "break in service incurred after he left employment covered by the Local 710 Fund." Rule 19 Parties Memo at 5. The Rule 19 Parties argue that Edwin James and Donald Kamin were not vested because each of the employees had a break in service after he left employment covered by the CTDU Fund, James in 1983 and Kamin in 1988. *Id.* at 6.

Plaintiff correctly notes that this court already decided that such a requirement in the Local 705 Plan violates ERISA's "backloading" provision. The provisions in dispute here, however, come from two Rule 19 Parties' Funds (CTDU and the Local 710 Fund), not from the Local 705 Plan. These three individuals cannot maintain any independent action against the Rule 19 Parties through this class action with Helms as the class representative because, as Judge Lindberg noted, Helms does not have standing to pursue independent claims against the Rule 19 Funds. Rule 19 Parties' Memo, Ex. B at 42. *Id.* Any such independent claims against the Rule 19 Parties could be brought only by someone who has standing to sue. *Id.* Though these three individuals may be able to proceed in a separate action against these funds to hold the rule invalid, they cannot maintain their claims against the funds in this lawsuit and are, therefore, not members of this class.

### 3. Members in Plans For More Than One Year But Less Than Two

Defendant Local 705 Plan and the Rule 19 Parties also object to putative class members Charles Cali, Charles Landis, George Lucas, John Schipper, Warren Thies, and William White because they participated in their respective Rule 19 Fund plans for more than one

year, but less than two years and, under each individual's Rule 19 Fund Plan, they were required to work at least two years in order to be eligible for a reciprocal pension. Plaintiff correctly notes that the requirement that a plan member work in Covered Employment for two years before he can participate in the plan may violate ERISA. *See,* 29 U.S.C. §1052(a)(1)(A)("No pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer. . . maintaining the plan extending beyond the later of the following dates – (i) the date on which the employee attains the age of 21; or (ii) the date on which he completes 1 year of service.) Again, however, the rule that these employees need to complete 2 years of service is a rule established by the CTDU, Local 142 Fund, and the Beer Industry Fund, three separate Rule 19 Funds. This rule was not created by Defendant Local 705 Plan. As has already been discussed, these individuals cannot maintain any independent action against the Rule 19 Parties through this class action even though they may have valid claims against those Parties. For this reason, these five individuals cannot be maintained as members of the class in this action.

### 4. Lack of Vesting

Defendant Local 705 Plan and the Rule 19 Parties object to the following putative class members based upon their lack of vesting in the reciprocal plan: Elden Carlson, Irvin Chesko, Joseph Constantini, John Day, Thomas Gavrillos, Edwin James, Donald Kamin, Charles Landis, George Lucas, John Schipper, Warren Thies, and William White. Because this court has already decided that Elden Carlson, Edwin James, Donald Kamin, Charles Landis, George Lucas, John Schipper, Warren Thies, and William White cannot be included

in this action because they cannot bring independent claims against the Rule 19 Parties through this class action, and Irvin Chesko is excluded for reasons discussed below, this leaves only Joseph Constantini, John Day, and Thomas Gavrillos to consider.

These three individuals were members of the CTDU Fund, Local 786 Building Materials Fund, Local 142 Fund and Local 734 Fund. According to these Rule 19 Funds, these three individuals did not have vested status in their respective Rule 19 Funds, even if they had vested status in the Local 705 Fund. Thus, these individuals could still have a break in service with respect to the reciprocal plan. According to each Rule 19 Fund, these individuals did suffer such a break and, therefore, are not eligible to be a member of this class. After reviewing the affidavits submitted by the Rule 19 Parties, the court remains uncertain of the effect that a break in service with Rule 19 Funds has on these three individuals' eligibility. Specifically, the court is unsure whether they returned to the Local 705 Plan during this break in service, which might change the analysis of whether they were vested. Because of its concern regarding this issue, the court will provisionally include these members in the class, but will be willing to entertain objections from Defendants or the Rule 19 Parties to clarify any reasons these members should be excluded.

### 5. Statute of Limitations

Defendant Local 705 Plan argues that two putative class member, Irvin Chesko and Mario Girardi, are not eligible class members because their claims are barred by the statute of limitations. Claims for benefits under ERISA in Illinois are governed by the ten year statute of limitations for contract actions in Illinois. *Lumpkin v. Envirodyne Indus., Inc.* 933

F.2d 449, 464-65 (7th Cir. 1991); 735 ILCS 5/13-206. Girardi began receiving a Deferred Vested Pension from the Local 705 Pension Fund on September 1, 1986. Because this class action was filed on July 1, 1997, more than ten years later, Girardi's claim is barred by the statute of limitations and, therefore, he is not eligible to be a class member.

Irvin Chesko left covered employment with the Local 705 Pension Fund in February 1975, pre-ERISA, and appealed the Fund's denial of his pension claim in 1977 seeking, *inter alia*, a reciprocal pension. Donohue Decl. ¶ 7. The Board of Trustees denied his appeal in December 1977, more than ten years before this action was filed. Chesko's claim is therefore barred by the statute of limitations.

### 6.    Members of Funds That Settled

Finally, Defendant Local 705 Plan objected to one class member, Michael Najewski, because there was no evidence that he has time with any reciprocal plan. Though Najewski worked in the Local 731 Plan from 1951 to 1963, that fund has since settled and is no longer a Rule 19 non-aligned party. Because Najewski will not be able to recover anything whether or not the Local 705 changes its Plan in accordance with ERISA, he has no injury in fact that can be redressed by this lawsuit.[6] For this reason, Najewski cannot remain a member of Class I.

---

[6]    This situation is distinguished from that of the six Plaintiffs who were challenged for lack of standing. As previously discussed, though those Plaintiffs will not recover anything from Defendant Local 705 Fund, they will recover from several Rule 19 Funds, provided that Defendant changes its Reciprocal Fund Plan.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification for Class I and Subclass I (Doc. No. 155-1) is granted. Class I consists of 22 members; Subclass I consists of six members.

ENTER:

Dated: November 9, 2000

REBECCA R. PALLMEYER
United States District Judge