Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4788 | **DATE** | 3/12/2002 |
| **CASE TITLE** | Robert D. Helms vs. Local 705 International Brotherhood of Teamsters Pension Plan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order to correct misspelling.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices: 12 |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | date docketed: MAR 12 2002 |
| | Notified counsel by telephone. | | docketing deputy initials: CM |
| | Docketing to mail notices. | | Document Number: 234 |
| | Mail AO 450 form. | | date mailed notice: 3-12-02 |
| | Copy to judge/magistrate judge. | | mailing deputy initials: EN |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | |

| | | |
|---|---|---|
| ROBERT D. HELMS, and on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 97 C 4788 |
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION PLAN, et al., | ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendants. | ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff Robert D. Helms brought this action on behalf of himself and a class of similarly situated persons against the Local 705 International Brotherhood of Teamsters Pension Plan and twenty other pension plans (collectively "Defendants"). Plaintiffs' complaint sought a clarification of their rights under Defendants' Pension Plan, recovery of unpaid benefits, and an injunction against further violations under ERISA. This court granted Plaintiff's motion for summary judgment on September 30, 1999, and after further proceedings to refine the class definition and calculate damages, the court issued an amended summary judgment in favor of Plaintiffs on March 23, 2001. Plaintiff repeatedly referred in open court to his entitlement to seek an award of costs, attorneys' fees, and expenses, but in fact Plaintiff failed to file bills or petitions for fees within the time frame set forth in this court's Local Rules.

In mid-July, Plaintiff notified Defendants of his intention to seek a fee award.

On July 30, 2001, Defendants moved to bar Plaintiff's taxable costs, attorneys' fees, and related non-taxable expenses, or in the alternative to receive instructions from the court pursuant to Local Rule 54.3(g). On January 7, 2002, Plaintiff moved to modify or amend the court's March 23, 2001 Judgment. For the reasons set forth below, Defendants' motion to bar is granted and Plaintiff's motion to modify or amend is denied.

## FACTUAL BACKGROUND

On March 23, 2001, this court issued an Amended Agreed Judgment (the "Judgment") stating in relevant part that

> [P]laintiff is awarded his costs of action and attorneys' fees with respect to his deferred vested reciprocal pension legal claims connected with Class I. The amount of said costs and attorneys' fees, and the parties liable for said costs and attorneys' fees, will be determined pursuant to the Local Rules, the Federal Rules of Civil Procedure and applicable statutes.

(3/23/01 Amended Agreed Judgment ("Judgment"), Doc. No 199, at 4.) The Judgment also provided that "Plaintiff's claims for attorney's fees and costs with respect to his legal claims connected with class II is [sic] reserved until consideration of plaintiff's petition for fees and costs pursuant to the Local Rules, the Federal Rules of Civil Procedure and applicable statutes." (*Id.* at 4-5.) As implied by its name, the Agreed Amended Judgment was drafted and revised by the parties before it was issued by the court. (*See, e.g.,* Transcript of March 21, 2001 Hearing, at 4-6.) On April 20, 2001, Defendants filed a notice of appeal to the Seventh Circuit Court of Appeals.

It is undisputed that Plaintiff has never submitted a bill of costs or a fee motion

2

pursuant to the Judgment in his favor. On July 17, 2001, Plaintiff's attorneys submitted their time and work records, hourly rates, and list of expenses to Defendants' counsel. (Defendants' Motion to Bar Plaintiff's Taxable Costs, at 3.) This submission, which was due, pursuant to Local Rule 54.3(d)(4), 21 days after the March 23, 2001 Judgment, was apparently provided in an effort to comply with the Local Rule's provisions directing parties to "confer and attempt in good faith to agree on the amount of fees or . . . expenses that should be awarded prior to filing a fee motion." Local Rule 54.3(d). Nevertheless, Plaintiff has not fulfilled Local Rule 54.3(d)'s related requirements of (a) specifying which hours compensation will be sought for, and (b) providing materials in support of the requested hourly legal rates. *See* Local Rule 54.3(d)(1)-(d)(2). Defendants, noting that Local Rule 54.3(d)(5) obliged them to respond to Plaintiff's submission by August 7, 2001, filed their motion to bar Plaintiff's costs, fees, and expenses on July 30, 2001. Defendants argued in part that Plaintiff's failure to fully comply with the Local Rule prevented them from being able to file the required response. Plaintiff does not contest that the deadlines for filing his bills and fees would ordinarily have accrued when this court issued its March 23, 2001 Judgment on the merits. Plaintiff contends that he believed the court intended to reserve all fees petitions until after the resolution of Defendants' appeal on the merits. In light of this belief, Plaintiff now argues that either the Judgment failed to adequately reflect the court's intentions, or his failure to meet ordinary filing deadlines stemmed from excusable neglect.

The parties have highlighted several in-court exchanges as germane to the

meaning and interpretation of the Judgment. The first, on October 21, 1999, came during the course of a status hearing before the court:

> MR. MENNA[Plaintiff's Counsel]:
> The next step after [Plaintiff's seeking class certification] is [that] Mr. Boutwell and I will be filing petitions for attorneys' fees pursuant to the federal rules.
> However, Mr. Seltzer [Defendants' Counsel] and I have also been talking that we are going to attempt to meet today or sometime next week along with Mr. Boutwell to attempt to resolve all of the issues still outstanding in the case and maybe reach a settlement.

(Transcript of October 21, 1999 hearing, at 5.) The second, on November 9, 2000, occurred after the court announced its decision to certify one of the classes sought by Plaintiff:

| | |
|---|---|
| MR MENNA: | Although we still will – I had talked to Mr Seltzer. We still have the issue of attorneys' fees. |
| THE COURT: | Sure. Well, I think we all recognize that that issue can be litigated here even if the case is before the Court of Appeals. |
| MR. MENNA: | Correct. |
| THE COURT: | I think that there's–at least I'm comfortable with that. |
| MR. MENNA: | I just wouldn't want to prevent, if we are successful in the Court of Appeals, in having to go up and then having it litigated twice and delaying ultimately what our efforts are for another year or so. |
| THE COURT: | Yes. And everybody has waited a long time already to get closure on these various issues. |

(Transcript of November 9, 2000 hearing, at 4-5.) The third exchange occurred during a status hearing on January 9, 2001, immediately after the parties agreed on the time and date for the next status hearing:

4

| MR. MENNA: | And then, Judge, there will still be the issue of fees outstanding, but we will take care of that pursuant to local rule once the judgment is entered. |
| --- | --- |
| THE COURT: | Yes, and that does not impede the finality of the judgment. |
| MR. MENNA: | Right. |
| THE COURT: | We'll certainly take that up. |

(Transcript of January 9, 2001 hearing, at 5.) Finally, at a March 21, 2001 hearing addressing a proposed class settlement, counsel presented the following arguments:

| MR. MENNA: | [Plaintiff] at all times demanded and sought attorneys' fees, and there is no provision in this proposed settlement agreement for attorneys' fees to the plaintiffs. We cannot agree to something which does not mention it at all. I mean, if we want to reserve it for a later date, that's okay. But the fact that his proposal makes no mention to us [sic] is objectionable. |
| --- | --- |
| | . . . . |
| MR. SELTZER: | On the attorneys' fees issues, we feel that should be reserved to the plaintiff's fee petition about whether they are entitled to attorneys' fees for this. This was a unilateral action by the Fund. There was certainly no decision by the Court. We were required to do this. They may very well prevail on the attorneys' fees issue. We don't feel this is appropriate now. |
| | . . . . |
| THE COURT: | All right. The proposal is then approved with the issue of attorneys' fees reserved. |
| | . . . . |
| THE COURT: | All right. Then [the proposal is] approved, again with the issue of attorneys' fees to be reserved pending a fee petition. |

(Transcript of March 21, 2001 hearing, at 4-6.) This court proceeded to approve the proposal "with the issue of attorneys' fees reserved," *id.* at 6, and entered a minute order holding that "the issue of attorneys' fees is reserved." (3/21/01 Minute Order, Doc. No. 196-1.) Two days later, the court issued the March 23, 2001 Amended Agreed

5

Judgment that the parties negotiated and submitted.

## DISCUSSION

### A. Costs and Fees

Defendants contend that Plaintiff has waived all claim to taxable costs, attorneys' fees, and related non-taxable expenses by failing to submit the bills and other information required by both Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54 of the Northern District of Illinois. Defendants ask the court to either bar Plaintiff from collecting on these claims or instruct the parties on how to proceed. Plaintiff argues that the court should either extend the time for filing his petition for fees and costs or modify the Judgment to better reflect the court's intention to reserve the question of costs, attorneys' fees, and expenses until the resolution of Defendants' appeal.

There is no dispute that Plaintiff failed to file the bills, fee motion, and expenses required under Local Rule 54.[1] With regard to the filing of taxable costs, Local Rule 54.1(a) provides that

> the prevailing party shall file a bill of costs. . . [w]ithin 30 days of the entry of a judgment allowing costs . . . . If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The court may, on motion filed within the time provided for the filing of the bill of costs, extend the time

---

[1] The Seventh Circuit has held that a federal district's Local Rules are "orders of the court" that may modify the fourteen-day filing requirement imposed by Fed.R.Civ.P. 54(d)(2)(B). *See Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 730 (7th Cir. 1995). Thus, if the different duration of the periods contemplated by Federal Rule 54(d)(2)(B) and Local Rule 54 for filing fees and expenses were a crucial issue in this case, the court would apply the Local Rule. *Id.* at 729-30.

6

for filing the bill.

With regard to attorneys' fees and related non-taxable expenses, Local Rule 54.3(b) provides that

> [u]nless the court's order [with respect to the filing of a fee motion] includes a different schedule for such filing, the motion shall be filed in accordance with the provisions of this rule and shall be filed and served no later than 90 days after the entry of the judgment or settlement agreement on which the motion is founded.

Plaintiff has violated both provisions of the Local Rule. Under the explicit provisions of Local Rule 54.1(a), he has therefore waived his claim to taxable costs; under the mandatory language of Local Rule 54.3(b), he is barred from filing a motion for attorneys' fees and related nontaxable expenses. His claims for expenses and fees can only survive if this court extends the time within which his claim may be filed or modifies the Judgment. *See Duferco Steel Inc. v. M/V Kalisti*, No. 95 C 6438, 1996 WL 448080, at *1 (N.D. Ill. Aug. 7, 1996) (failure to comply with time limitations set forth in FED.R.CIV.P. 54(d)(2)(B) and predecessor of Local Rule 54.3 waived party's claim for fees); *Fila USA, Inc. v. Chong*, No. 94 C 6537, 1996 WL 19579, at *2 (N.D. Ill. Jan. 17, 1996) (same). *See also United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) (violation of FED.R.CIV.P. 54(d)(2)(B)'s fourteen-day filing limit waived party's claim for fees); *Benisek v. Rush Prudential HMO*, No. 98 C 1517, 1999 WL 968508 (N.D. Ill. Oct. 18, 1999) (same).

## B. Amendment or Modification under FED.R.CIV.P. 60[2]

### 1. Rule 60(a)

Plaintiff urges this court to modify the March 23, 2001 Judgment pursuant to FED.R.CIV.P. 60(a), which provides that the court may correct "clerical mistakes in judgments." Because Defendants' appeal is now pending, this court may only correct such a mistake with the permission of the Seventh Circuit. FED.R.CIV.P. 60(a). *See also Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1014 n.9 (7th Cir. 2000). The rule permits judicial correction when "the flaw lies in the translation of the original meaning to the judgment." *American Fed'n of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Rule 60(a) countenances only corrections "that implement the result intended by the court at the time the [judgment] was entered." *Wesco Prods. Corp. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir. 1989).

The court concludes that correction is not appropriate in this case. First, nothing in the pleadings or in the Judgment suggests that the meaning of the Judgment was altered or distorted by a clerical or transmission error. The Judgment

---

[2] In conjunction with his Rule 60 motions, Plaintiff points the court toward Seventh Circuit Rule 57 (Remands for Revision of Judgment), which provides in relevant part that
> A party who during the pendency of an appeal has filed a motion under Fed.R.Civ.P. 60(a) or 60(b) . . . or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, this court will remand the case for the purpose of modifying the judgment. Any party dissatisfied with the judgment as modified must file a fresh notice of appeal.

This court's disposition of Plaintiff's Rule 60 motions renders remand unnecessary.

clearly and accurately articulates this court's order that "Plaintiff's claims for attorneys' fees and costs . . . is [sic] reserved until consideration of plaintiff's petition for fees and costs pursuant to the Local Rules, the Federal Rules of Civil Procedure and applicable statutes." (Judgment at 4-5.)

Plaintiff argues further that this court intended to conserve judicial resources by reserving his fees and costs petition until after the resolution of Defendants' appeal. Without claiming to remember the particulars of every colloquy that might have left counsel with this impression, the court simply is not persuaded by this argument. Had Plaintiff made such a request, the court might well have agreed to stay the time for filing of such a petition. As cited by the parties, the transcript does not reflect that such a request was ever made, nor does it support the suggestion that this court ever endorsed Plaintiff's desire to defer the petition until after resolution of the appeal. Even the November 9, 2000 exchange, quoted above–during which Plaintiff's counsel expressed a concern about duplicative litigation–does not support the inference that this court endorsed a delay. The court's response to counsel expressed nothing more than a general concern about the case's duration and did not address the issue of changing the deadline requirements for the petition. Moreover, the court had just finished pointedly reminding the parties that the attorneys' fees issue could be heard in district court even while Defendants' appeal was pending above.

Finally, to bolster the inference that the court intended to reserve the issue until after appeal, Plaintiff highlights the fact that the court's March 21, 2001 order reserved the issue of attorneys' fees. The order is most logically read in light of the

9

March 21 hearing, however, during which Defendants' counsel asked that the issue of fees and costs be reserved *until Plaintiff's petition*, a reservation that echoes the usual application of Federal Rule 54 and Local Rule 54. Accordingly, the court declines to grant Plaintiff relief under Rule 60(a).

### 2. Rule 60(b)

In the alternative, Plaintiff asks that the court modify the March 23, 2001 Judgment on the grounds that his failure to file a timely petition resulted from excusable neglect. The determination of what constitutes excusable neglect for purposes of Rule 60(b)(1) is ultimately an equitable one, taking account of all relevant circumstances surrounding a party's failure to file within a particular deadline. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). Relevant circumstances include (1) "the danger of prejudice to the [opponent of modification]"; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[3] *Pioneer*, 507 U.S. at 395.

Several of these factors clearly weigh in favor of Plaintiff. First, there is nothing in the record indicating that Plaintiff's counsel has acted in bad faith. Indeed,

---

[3]   Although the *Pioneer* court articulated these equitable factors in the course of construing a Bankruptcy Rule, it expressly indicated that the meaning of excusable neglect was parallel in the bankruptcy and Rule 60(b) contexts. *See Pioneer*, 507 U.S. at 393. *See also Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (after *Pioneer*, [excusable neglect] "bears the same or similar meaning throughout the federal procedural domain").

10

Plaintiff's July 2001 submission of time and work records, hourly rates, and expenses to Defendants' counsel, albeit untimely under Local Rule 54.3(d), strongly suggests that Plaintiff was not trying to game the system by withholding information from his adversary. In addition, there is little to suggest that a modification would prejudice Defendants. The parties repeatedly discussed the issue of attorneys' fees, costs, and expenses in court, so that Defendants were on notice that Plaintiff intended to submit a fees petition after judgment was rendered. Nor have Defendants argued that modification would result in more conventional forms of prejudice, such as the loss of evidence, increased difficulties in discovery, or increased opportunities for fraud and collusion. *See Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (discussing prejudice in context of Rule 60(b)).

The other factors weigh in favor of Defendants, however. To begin, if the court accommodates Plaintiff's request to reserve his fees petition until the resolution of his appeal, it is unclear how long the resulting delay could prove to be. More than eleven months have passed since this court issued the Judgment that Plaintiff now seeks to modify, and it is unclear how long the case will remain on the Seventh Circuit's docket. Even at the time of Defendants' July 30, 2001 initial motion to bar Plaintiff's costs, fees, and expenses, Plaintiff was more than a month beyond the 14-day and 90-day petition filing deadlines of the applicable Federal and Local Rules.

Such delays are difficult to justify with regard to either this case or the judicial system as a whole. Plaintiff suggests that the timing of the fee petition changed during the course of the underlying litigation in this case, with Plaintiff initially seeking to

11

resolve all issues prior to judgment. (Plaintiff's Reply in Support of His Motion to Modify the Judgment, at 3.) When it became clear that his desired resolution would not occur, Plaintiff contends, he sought to avoid having to file two separate fee petitions. (*Id.*) His original wish to reserve the fees petition and his subsequent misapprehension about the court's intentions stem at least in part from a desire to avoid wasting scarce judicial resources. Under this theory, a win by Plaintiff on appeal would necessitate a second fees petition, while a win by Defendants on appeal might require motions seeking the return of any fees that had already been paid to Plaintiff's attorneys.

Yet as Defendants point out, the Federal Rules of Civil Procedure analyze the issue of how to allocate judicial resources differently. In describing the 1993 Amendments which added the federal fourteen-day deadline for the filing of fees petitions to Rule 54, the Advisory Committee notes provide that:

> One purpose of this [new deadline] is to assure that the opposing party is informed of the claim before the time for appeal has elapsed. . .
> . . . .
> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

FED. R. CIV. P. 54 Advisory Committee's note (1993). While the Committee's note allows a court to either rule or defer ruling on a fees motion once notice of appeal has been filed, *id.*, the note also suggests that prompt filing of fees motions is important precisely because it might conserve the resources of both the district court and the

12

appeals court. Under Plaintiff's theory, the Court of Appeals might find itself obliged to address a case twice: first, on the merits, and then a second time to resolve fees' issues that it was prevented from hearing the first time around.[4] In the case at hand, the court notes that Defendants evinced a clear and consistent desire to appeal on the merits. A timely fee petition might have enabled Defendants to supplement their original appeal to challenge any award of fees or costs. At the very least, Plaintiff's error has increased the risk of an unnecessary and potentially burdensome appeal of its fees petition.

Finally, the court must consider the reason for Plaintiff's neglect, including whether it was within his reasonable control. This factor also weighs in Defendants' favor. First, from what has been said already, it should be apparent that Plaintiff misunderstood the deadlines for his costs and fees petition. Local Rule 54.1(a) provides that a court may extend the time for filing a bill for taxable costs "on motion filed within the [30 days] provided for the filing of the bill of costs." Similarly, Local Rule 54.3(b) states that a motion for fees and expenses shall be filed within 90 days "[u]nless the court's order includes a different schedule for such filing." Even the most expansive reading of the court's March 23, 2001 order would not suggest that anything approaching an alternate filing "schedule" was spelled out there. These oversights would be less glaring were they not so easy avoided or remedied through motions to this court, an extra question in open court, or even timely communication with

---

[4] The deadlines set forth in our court's Local Rules are more generous, but they also reflect concern for the timing issues expressed by the Advisory Committee.

Defendants.

Plaintiff's most significant oversight, however, and the one that ultimately persuades this court that his neglect is not excusable, is his failure either to fully negotiate or adequately comprehend the March 23, 2001 Amended Agreed Judgment issued by the court. Given the importance of attorneys' fees in this litigation, one would expect Plaintiff to have sought specific clarification in the Judgment to reflect his understanding of the exceptions to the usual filing deadlines for this case. At best, Plaintiff offers only his own subjective misunderstandings of this court's intentions and rules. After carefully weighing the equitable *Pioneer* factors, the court determines that the neglect of Plaintiff's counsel was not excusable, and thus declines to grant his Rule 60(b) motion.[5]

## C. Extension of Time under FED.R.CIV.P. 6(b)

Finally, Plaintiff urges the court to enlarge the time for filing his petition for

---

[5] Plaintiff asks this court to follow the teachings of *In re Salem Mortgage Co.*, 791 F.2d 456, 459-460 (6th Cir. 1986), where the Sixth Circuit Court of Appeals reversed the lower court's denial of a Rule 60(b) motion for relief from a final judgment. This precedent is not persuasive on several grounds. First, the *Salem* court applied equitable factors more generous to Rule 60(b) movants than those subsequently articulated by the *Pioneer* Court. *Id.* at 459-460. *Cf. Pioneer*, 507 U.S. at 395. Second, the *Salem* court noted that the "distinguishing factor" in the case was the fact that the district court had before it briefs laying out defenses that clearly contradicted the Stipulated Agreement from which Rule 60(b) relief was subsequently sought. *Salem*, 791 F.2d at 460. The clear inconsistency between one party's pleadings and the Stipulated Agreement that its counsel then signed made Rule 60(b) relief appropriate. *Id.* No such circumstances have been alleged in this case.

fees and costs, pursuant to FED.R.CIV.P. 6(b).[6] In relevant part, Rule 6(b) provides that

> When by these rules ... or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ....

As noted above, the Seventh Circuit recognized "excusable neglect" as having virtually the same denotation throughout the Federal Rules of Civil Procedure. *See Prizevoits*, 76 F.3d at 134. Because Plaintiff's 6(b) motion hinges on whether his neglect was excusable, the court's analysis on this point echoes the Rule 60(b) discussion above. For the reasons already given, the court declines to grant Plaintiff relief under Rule 6(b).[7]

---

[6] Although the Seventh Circuit has not explicitly determined whether Rule 6(b) extensions may be applied to attorneys' fees petitions under Federal Rule 54(d)(2), many opinions from other circuits have approved such extensions. *See, e.g., Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999); *Jones v. Central Bank*, 161 F.3d 311, 313 n.1 (5th Cir. 1998). *See also Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1995) (district court could enlarge the time for objections to attorney's fees petition under 6(b)); *Srivastava v. Trustees of Indiana Univ.*, No. 99-3272, 2000 WL 975172, at *3 (7th Cir. June 27, 2000) (unpublished opinion) (affirming district court's implicit extension of Rule 54(d)(2) deadline under Rule 6(b)). In light of Rule 6(b)'s permissive language and the persuasive precedents from other circuits, this court concludes that it has discretion to extend the deadline for Plaintiff's fees and costs petition. Moreover, because, as discussed above, Rule 54.3 is an "order of the court," Rule 6(b) presumably grants the court discretion to extend the deadline for attorney's fees petitions under the Local Rule. *See Central States, Southeast and Southwest Areas Pension Fund v. Art Pape Transfer, Inc.*, No. 92 C 6354, 1995 WL 653992, at *2 (N.D. Ill. Nov. 3, 1995) (noting that Local Rules are "necessary subject" to the Federal Rules of Civil Procedure and allowing federal Rule 6(b) motion for extension of deadline for fee petition under Local Rule).

[7] Plaintiff asks the court to consider *Mary M. v. North Lawrence Cmty. Sch.*
(continued...)

## CONCLUSION

For the reasons explained above, Defendants' motion to bar (Doc. No. 211-1) is granted and Plaintiff's motion modify the judgment (Doc. No. 224-1) is denied. Plaintiff will be barred from filing for costs, attorney's fees, or expenses for work done up to and including March 23, 2001.

ENTER:

Dated: March 12, 2002

REBECCA R. PALLMEYER
United States District Judge

---

[7](...continued)
*Corp.*, 174 F.R.D. 419, 422-23 (S.D. Ind. 1997), where the court found that Rule 6(b) "appears to provide district courts with discretion to extend the time limit established in [Rule 54(d)(2)]." Apart from this suggestion, with which the court agrees, the case provides little support for Plaintiff's argument, however. In *Mary M.*, the court concluded that plaintiff had won only a *de minimis* victory in the underlying litigation and therefore did not merit the attorneys' fees for which he was seeking a filing extension. *Id.* at 423.